**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **CATLIN SPECIALTY INSURANCE COMPANY,** § § | |
| Plaintiff, § | |
| § | |
| Versus § | CIVIL ACTION NO. _____ |
| § | |
| **GLOBAL ACQUISITIONS, LP, LOCKWOOD VEHICLE STORAGE LLC, CHRISTOPHER HERNANDEZ, BRENDA YADIRA CAMPOS, INDIVIDUALLY AND AS NEXT FRIEND TO I.C., J.C., AND C.C., MINOR CHILDREN, EDITH RODRIGUEZ GREENE, AND CAROLYN FRENZA** § § § § § § § § | |
| Defendants. § | |

**PLAINTIFF'S COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Catlin Specialty Insurance Company ("Catlin") brings this Complaint and Request for Declaratory Judgment against Defendants Global Acquisitions, LP ("Global Acquisitions"), Lockwood Vehicle Storage LLC ("Lockwood"), Christopher Hernandez ("Hernandez"), Brenda Yadira Campos, Individually and as next friend to I.C., J.C., and C.C., minor children, Edith Rodriguez Greene, and Carolyn Frenza ("Frenza"), and hereby alleges as follows:

**I. NATURE OF THE ACTION**

1. This is an action seeking declaratory relief pursuant to 28 U.S.C. section 2201 and section 2202, seeking a determination of the rights and obligations of the parties under a policy of insurance issued to Global Acquisitions by Catlin and a lawsuit filed against in the State District Court of Harris County, Texas ("the Underlying Lawsuit") by Brenda Yadira Campos, Individually and as next friend to I.C., J.C., and C.C., minor children and Edith Rodriguez Greene,

and intervenor Carolyn Frenza.  A true and correct copy of the Catlin Policy is attached hereto as **Exhibit A**.

2.	Catlin seeks a declaration from this Court that it has no duty to defend Lockwood or Hernandez for claims made against them by the underlying plaintiffs and intervenor in the Underlying Lawsuit.  Catlin also seeks a declaration from this Court that it has no duty to indemnify Lockwood or Hernandez for any damages relating to the Underlying Lawsuit.

3.	Global Acquisitions is the Named Insured to the Catlin Policy, and party to a motor vehicle lease agreement with Lockwood.  Therefore, it is an interested party to this Complaint.

4.	Campos, Greene and Frenza assert claims against Lockwood and Hernandez in the Underlying Lawsuit and, therefore, are potential third-party beneficiaries of the Policy.  By naming Campos, Greene and Frenza as Defendants in the above-captioned Lawsuit, a judgment declaring that Catlin has no duty to defend or indemnify Lockwood or Hernandez would be binding on Campos, Greene and Frenza.

## II.  PARTIES

5.	Catlin is an insurance company organized under the laws of Delaware with it principal place of business located in Atlanta, Georgia.

6.	Global Acquisitions is a Texas Partnership with its principal place of business in Texas.  Global Acquisitions may be served through its registered agent:  Sterling Interest Investment, Inc., 10519 Brighton Lane, Houston, Texas 77031.

7.	Lockwood Vehicle Storage LLC a Texas corporation with its principal place of business in Texas.  Lockwood Vehicle may be served through its registered agent:  Souhail Adam, 10522 Brighton Lane, Houston, Texas 77031, or wherever he may be found.

8. Christopher Hernandez is an individual who may be served at his place of residence at 16322 Summer Dew Ln., Houston, Texas 77095, or wherever he may be found.

9. Brenda Yadira Campos, Individually and as next friend to I.C., J.C., and C.C., minor children, is an individual who may be served at her place of residence: 20718 Fair Castle Dr, Cypress, TX 77433, or wherever she may be found (hereinafter collectively referred to as "Campos").

10. Edith Rodriguez Greene is an individual who may be served at her place of residence: 18502 Providence Landing Ln, Richmond, TX 77407, or wherever she may be found (Greene and Campos are referred to hereinafter as "underlying plaintiffs").

11. Carolyn Frenza is an individual who may be served at her place of residence: 19777 Deerbrook Park Blvd, Apt. 120, Humble, TX 77338, or wherever she may be found (Frenza is referred to hereinafter as "underlying intervening plaintiff").

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

13. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the coverage dispute took place in this district.

### IV. FACTS

**A.    UNDERLYING PETITION AND PETITION IN INTERVENTION**

14. Brenda Yadira Campos, Individually and as next friend to I.C., J.C., and C.C., minor children and Edith Rodriguez Greene ("underlying plaintiffs") filed suit against Lockwood and Hernandez on April 13, 2018, Cause No. 2018-24943, in the 11th Judicial District Court of

Harris County, Texas, the "Underlying Lawsuit". A true and correct copy of Plaintiffs' Original Petition, Jury Demand, Requests for Disclosure, and Rule 197.3 Notice is attached as **Exhibit B.**

15. The underlying plaintiffs allege that on or about December 5, 2017, they were stopped in traffic in Harris County, Texas when their vehicle was struck by a vehicle driven by Hernandez. It is further alleged that Hernandez was operating the subject tow truck vehicle in the course and scope of his employment with Lockwood, and that the collision caused the underlying plaintiffs to suffer personal injuries. [Exhibit B, ¶ 5.1].

16. The underlying plaintiffs maintain Lockwood was the lessee or owner of the tow truck vehicle operated by Hernandez. [Exhibit B, ¶ 6.1].

17. Carolyn Frenza ("underlying intervening plaintiff") filed a Petition in Intervention on January 31, 2019. A true and correct copy of the Petition in Intervention is attached as **Exhibit C**.

18. The underlying intervening plaintiff alleges Hernandez rear-ended the underlying plaintiffs' vehicle, causing it to strike her vehicle. It is further alleged that Hernandez was in the course and scope of his duties as an employee of Lockwood at the time of the collision, and was driving a vehicle owned and entrusted to him by Lockwood. [Exhibit C, ¶¶7-8].

19. The underlying plaintiffs filed a First Amended Original Petition, Jury Demand, Requests for Disclosure, and Rule 193.7 Notice on November 27, 2019. A true and correct copy of Plaintiffs' First Amended Original Petition, Jury Demand, Requests for Disclosure, and Rule 197.3 Notice is attached as **Exhibit D.**

20. The underlying plaintiffs allege that on or about December 5, 2017, they were stopped in traffic in Harris County, Texas when their vehicle was struck by a vehicle driven by Hernandez. It is further alleged that Hernandez was operating the subject tow truck vehicle in the

course and scope of his employment with Lockwood and Global Acquisitions, and that the collision caused the underlying plaintiffs to suffer personal injuries. [Exhibit D, ¶ 5.1].

21. The underlying plaintiffs maintain Lockwood and Global Acquisitions were the lessee or owner of the tow truck vehicle operated by Hernandez. [Exhibit D, ¶ 6.1].

### B.  MOTOR VEHICLE LEASE AGREEMENT

22. Lockwood ("Lessor") and Global Acquisitions ("Lessee") are parties to a Motor Vehicle Lease Agreement effective January 10, 2017, commencing January 10, 2016 for a period of three years. Lessor is the owner of a 2015 Dodge Ram 3500 Tow Truck vehicle, registration number T6363J TX, Model Ram 3500, Vehicle Identification No. 3C7WRSALXFG638171, and Lessee agrees to lease the vehicle.

### C.  INSURANCE POLICY

23. On the date of the underlying incident, Global Acquisitions was a Named Insured under Catlin policy no. 4200700900 (the "Policy"). [Exhibit A].

24. The Policy includes the following scheduled vehicle, a covered "auto", at issue in the Underlying Lawsuit: 2015 Dodge Ram 3500 Tow Truck vehicle, registration number T6363J TX, Model Ram 3500, Vehicle Identification No. 3C7WRSALXFG638171.

25. The Garage Coverage Form states as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance. . . .

26. Who Is An Insured under the Policy includes the following:

    **a.** The following are "insureds" for covered "autos":

        **(1)** You for any covered "auto";

        **(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      **(a)**    The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

      **(b)**    Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

      **(c)**    Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking, storing, maintaining, towing, or transporting "autos" unless that business is your "garage operations".[1] . . .

    **(3)**    Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

27.    Section VI, Definitions of the Policy, defines the following terms:

"Employee" includes a "leased worker" and a "temporary worker".

\* \* \*

"Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each Insured who is seeking coverage or against whom a claim or "suit" is brought.

### D.    LOCKWOOD AND HERNANDEZ DEMAND FOR DEFENSE

28.    Lockwood and Hernandez noticed the Petition and Petition in Intervention to Catlin, which is providing a defense under reservation of rights.

29.    Catlin denies that Lockwood or Hernandez are insureds under the Policy, and also denies that it has a duty to defend or indemnify these Defendants.

30.    The Named Insured under the Policy is Global Acquisitions. Lockwood and Hernandez are not a Named Insured, referred to as "you" throughout the Policy.

---

[1] [Endorsement Form SLGK 400 0617]. This exception refers to "someone" and "he" or "she".

31. Lockwood was not a permissive user of the vehicle. Even if it was, as "owner" of the vehicle, Lockwood is not an insured.

32. Hernandez was not a permissive user of the vehicle, as an employee of Lockwood. Additionally, he is not an "insured" while working in the business of "towing" or "transporting" autos, unless that business is Global Acquisitions' "garage operations". Hernandez is not an "insured" under the Policy.

33. Because Hernandez is not an "insured", even if Lockwood is found liable for the conduct of Hernandez, it too is not an "insured".

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Declaratory Judgment As To Duty To Defend)

34. Catlin incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if set forth herein at length.

35. A justiciable controversy has arisen between the insurer Catlin, and Defendants Lockwood and Hernandez, regarding each party's rights and obligations under the Policy. This justiciable controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court.

36. Lockwood and Hernandez are not insureds under the Policy. They are not a Named Insured or Insured.

37. Catlin has no obligation to provide a defense to Lockwood and/or Hernandez in the underlying litigation.

38. By reason of the foregoing, Catlin is entitled to a declaration that Catlin does not have a duty to defend Lockwood and/or Hernandez in the underlying litigation.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment As To Duty to Indemnify)

39. Catlin incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if set forth herein at length.

40. A justiciable controversy has arisen between the insurer Catlin, and Defendants Lockwood and Hernandez, regarding each party's rights and obligations under the Policy. This justiciable controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court.

41. Lockwood and Hernandez are not insureds under the Policy. They are not a Named Insured or Insured.

42. Catlin has no obligation to indemnify Lockwood and/or Hernandez against damages in the underlying litigation.

43. By reason of the foregoing, Catlin is entitled to a declaration that Catlin does not have a duty to defend Lockwood and/or Hernandez in the underlying litigation.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 determining and declaring as follows:

(a) For a declaration that Plaintiff has no duty to provide a defense to Lockwood and/or Hernandez in the Underlying Lawsuit;

(b) For a declaration that Plaintiff has no duty to indemnify Lockwood and/or Hernandez against any damages in the Underlying Lawsuit;

(c) Awarding Plaintiff its fees, costs and disbursements in prosecuting this action to the extent permitted by law; and

(d)     Awarding Plaintiff such other relief as this Court deems just and proper.

Dated:  April 2, 2020.

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ George S. McCall*
George S. McCall
TX Bar No. 13344800
george.mccall@faegredrinker.com
Sondra S. Sylva
TX Bar No. 24033017
sondra.sylva@faegredrinker.com
Matthew C. Sapp
TX Bar No. 24063563
matt.sapp@faegredrinker.com

1717 Main Street
Suite 5400
Dallas, TX  75201-7367
Telephone:      469-357-2500
Facsimile:       469-327-0860
Attorneys for Catlin Insurance Company